**Marta E. ROSS, Plaintiff,**

v.

**BEAUMONT HOSPITAL, Gerald Wilson, John Murphy, Defendants.**

**Civ. A. No. 86–CV–70082–DT.**

United States District Court,
E.D. Michigan, S.D.

Jan. 15, 1988.

---

Thomas G. Rollins, Detroit, Mich., for plaintiff.

Terence V. Page, Birmingham, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

On April 20, 1987, Plaintiff, Marta E. Ross, filed a "Motion for Reinstatement and Other Injunctive Relief." Defendants, Beaumont Hospital, Gerald Wilson, and John Murphy, have responded in opposition. The matter is now ready for decision.

Ross was a surgeon at William Beaumont Hospital (Beaumont)[1] in Troy, Michigan until her staff privileges were terminated on May 23, 1985. This Court has detailed the circumstances which surrounded her termination in a companion "Memorandum Opinion and Order."[2] The Court adopts the findings of fact and conclusions of law within that Opinion for purposes of this motion.

In a trial that was conducted before a jury, Ross prevailed on four of her claims. The jury determined that the Defendants had violated (1) Section 504 of the Federal Rehabilitation Act of 1973 (29 U.S.C. § 794), (2) the Michigan Handicapper's Civil Rights Act (M.C.L.A. § 37.1101 et seq.), and (3) the Elliott–Larsen Civil Rights Act (M.C.L.A. § 37.2101 et seq.). The jury also determined that the Defendants had intentionally and wrongfully interfered with Ross in the pursuit of her career.

Ross argues that these three civil rights statutes authorize this Court to grant any equitable relief which would fully compensate her for the Defendants' acts of discrimination. *See e.g. Albermarle Paper v. Moody*, 422 U.S. 405, 418–19, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Specifically, Ross contends that this Court should reinstate her as a surgeon at Beaumont with all of the privileges which she had previously enjoyed. She also relies upon cases from the Sixth Circuit Court of Appeals which ostensibly support her claim that there exists a presumption in favor of her reinstatement. *See e.g. Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir.1985) ("successful Title VII claimants are also presumptively entitled to reinstatement"); *Henry v. Lennox Industries*,

1. The William Beaumont Hospital is a Michigan corporation, with medical facilities in the cities of Royal Oak and Troy, Michigan. This controversy relates only to the Hospital in Troy, Michigan, which will be identified in this Memorandum Opinion and Order as "Beaumont."

2. In the companion Memorandum Opinion and Order which was issued on this date, this Court concluded that Ross had failed to prove that the Defendants had discriminated against her on the basis of her sex under Title VII.

*Inc.*, 768 F.2d 746, 752 (6th Cir.1985). Although this Court did not find the Defendants to be liable under Title VII, Ross says that the reinstatement presumption applies by analogy to the other civil rights statutes.

Ross is correct. Some civil rights statutes do authorize reinstatement as a remedy. For example, the Michigan Handicapper's Civil Rights Act states that, "A person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both." M.C.L.A. § 37.1606(1). The Elliott–Larsen Act of Michigan has a parallel provision. M.C.L.A. § 37.2801.

On the other hand, it is not clear whether the Federal Rehabilitation Act authorizes a remedy of reinstatement. All of the remedial measures under this statute are also available under Title VI of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(2).

The Court of Appeals for the Sixth Circuit, in analyzing a pending Title VI claim, stated:

> [D]ue to the consensual nature of a recipient's obligations under Spending Clause Legislation, make-whole relief is not ordinarily available to private litigants.

*Lujan v. Franklin County Bd. of Ed.*, 766 F.2d 917, 923 n. 3 (6th Cir.1985), *citing Guardians Association v. Civil Service Commission of New York*, 463 U.S. 582, 596–97, 103 S.Ct. 3221, 3229–30, 77 L.Ed.2d 866 (1983) (plurality opinion). However, since the State of Michigan has the two state statutes which permit reinstatement, this Court need not determine the applicability, if any, of the Federal Rehabilitation Act.

■ Despite Ross' claim of a presumption in favor of reinstatement, the court in *Rancour v. Detroit Edison*, 150 Mich.App. 276, 292, 388 N.W.2d 336 (1986), said of injunctions that, "prevailing civil rights plaintiffs do not have automatic rights to either of these two forms of relief." Moreover, in the analogous Title VII context, courts have denied reinstatement in those situations where "the hostility which unfortunately exists between the parties precludes the possibility of a satisfactory employment relationship." *Shore*, 777 F.2d at 1159 (and cases cited therein). *Henry*, 768 F.2d at 753 (hostility of the employer not contradicted by record). Whenever hostility or a very disharmonious relationship exists between an employee and an employer which would preclude an effective reinstatement, courts have found an award of future damages to be an appropriate alternative measure of relief. *See e.g. Shore*, 777 F.2d at 1160 (outlining standards for front pay award); *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 890 (3d Cir. 1984); *Riethmiller v. Blue Cross & Blue Shield of Michigan*, 151 Mich.App. 188, 390 N.W.2d 227 (1986).

This Court concludes that reinstatement would not be a practical remedy in view of the extraordinarily tense relationship which existed between Ross and certain physicians and nurses at Beaumont. Permitting such a potentially explosive situation to exist in a context where people's lives are at stake on a daily basis would not be justified. In its companion Memorandum Opinion and Order, this Court found that the following factors supported the Defendants' contentions that the termination of Ross' staff privileges was not caused by her sex and make the reinstatement of Ross to the Beaumont staff inappropriate:

1. Nurses were afraid to call Ross to report a change in a patient's condition due to their past experience with her rude and abusive behavior;

2. Some staff members were reduced to tears as a result their interaction with Ross;

3. Ross frequently screamed at members of her operating room team and would go out of her way to intimidate them;

4. Ross' behavior contributed to an unnecessarily heightened level of tension in the operating room, impacted the ability of staff members to meet their job responsibilities and resulted in the refusal of some operating room staff members to work with her;

5. Ross berated and abused emergency room personnel on a continuing ba-

sis, to such an extent that some emergency center staff members would hide in closets to avoid her abuse;

6. Ross' demeaning and hostile behavior was not limited to the hospital staff, but extended to her contact with patients and their families; and

7. The hostile work environment that had been created by Ross continued unabated for several years despite exhaustive efforts by the Beaumont administration to assist her in recognizing and modifying this wholly unacceptable behavior.

The question of whether Ross should receive future damages was presented to the jury regarding the three civil rights counts with the following instruction by the Court:

In each claim, you should also decide which, if any, of these damages will be sustained with reasonable certainty into the future. You should determine whether Plaintiff will suffer any loss of future earnings. In determining her loss of future earnings, if any, you should compute those earnings up to the time that the relationship between Plaintiff and William Beaumont Hospital would otherwise have been terminated. You should also determine whether Plaintiff will suffer any mental anguish, embarrassment, humiliation or outrage in the future.

Which, if any, of these elements of damages have been proven is for you to decide based upon evidence and not upon speculation, guess and conjecture. The amount of money to be awarded for certain of these elements of damage, however, cannot be proven in a precise dollar amount. The law leaves such an amount to your sound judgment.

As a result of this instruction from the Court, the jury awarded future damages against Beaumont in the amount of "$16,700/yr. for 5 yrs."[3] under the federal and state handicap discrimination laws as well as Ross' weight discrimination claim under the Elliott–Larsen Act. Thus, the jury has spoken to the issue of Ross' future damages.

Ross' injunctive requests were not limited to her application for reinstatement.[4] She also requested the following relief:

1. The purging of her personnel files; and

2. An order of restraint which would prevent Beaumont from (a) refusing to provide letters of recommendation to prospective employers, and (b) adversely affecting her efforts to pursue the practice of medicine.

The decision as to the precise form of any injunction which would address these issues requires a balancing of the equities.

This Court begins its inquiry by noting that the jury found the Defendants to have discriminated against Ross on the basis of her weight and handicap (narcolepsy).[5] However, in its decision regarding Ross' sex discrimination claim, the Court found that the Defendants had the right to take Ross' disruptive behavior into account in deciding to terminate her. Thus, any injunctive relief must reflect this difference between legitimate concerns and those concerns that the jury found to be impermissible.

An expungement of records is a permissible remedy to vindicate the rights of an employee who is the victim of discrimination. *See e.g. Smith v. Secretary of Navy*, 659 F.2d 1113, 1122 (D.C.Cir.1981); *Dual v. Griffin*, 446 F.Supp. 791, 803 (D.D.

3. The jury verdict amounted to an award of future damages in the sum of $50,100 per year for a period of five years, representing a total of $250,500.

4. Since reinstatement has not been ordered in this cause, the Court cannot return Ross to her medical offices or to those committees on which she served at Beaumont. Therefore, she is also not entitled to have Beaumont advise the Michi-

gan Department of Licensing in writing that her staff privileges have been restored.

5. The jury found that the corporate Defendant—not the individual Defendants—had to pay damages regarding Ross' handicap discrimination claim. With regard to the weight discrimination issue, the jury only found Beaumont and Wilson to be liable—but not Murphy.

C.1977). Accordingly, this Court believes that it is obliged to direct the Defendants to expunge Ross' personnel file of any comments regarding her sleeping disorder and/or her weight. Any lesser action would not vindicate her right to be free from the acts of discrimination to which the jury found she was subjected by the Defendants. On the other hand, the Court believes that any record comments regarding Ross' abusive conduct at Beaumont must be allowed to remain in the file because concerns about her behavior was a legitimate consideration of the Defendants.

However, this Court will defer the date on which Beaumont must perform the expungement until such time as Beaumont has had an opportunity to exercise its rights to file timely post-trial motions or perfect an appeal to the Sixth Circuit Court of Appeals within the time limitations which have been prescribed by the Federal Rules of Civil Procedure. If (1) this Court required Beaumont to immediately expunge the record and (2) the jury verdict was subsequently overturned, there would be no way to restore the expunged information to the records. Thus, the only way that Beaumont can retain any meaningful appellate rights is for this Court to delay requiring expungement.

Ross also seeks an injunction which would preclude the Defendants from (1) giving inadequate recommendations to future employers, and (2) obstructing any attempts to resume her practice. After a review of the record, this Court concludes that Beaumont, its agents, employees, or representatives must be restrained from making any comment or implied comment about Ross' weight and/or sleep disorder in letters of reference, informal conversations, etc. with any other hospitals or doctors from other hospitals.

Thus, the Court orders the following:

1. Defendants shall expunge all references in Ross' personnel file to her sleeping disorder or weight. However, the Defendants shall not be required to implement this Order until they have exhausted their appeals on the jury's verdict in a timely fashion, as set forth in the Federal Rules of Civil Procedure, and

2. Defendants, their agents, representatives, or employees shall make no reference to Ross' sleeping disorder or weight in letters of recommendation or any informal communication with other hospitals, doctors at other hospitals or any other health institutions from which she might seek employment. Defendants shall inform their staff of the contents and requirements of this provision through a memorandum to all staff or a letter which shall be issued within thirty days of the date of this Order. A copy of this letter shall be provided to the Court within seven days from the date of this Order.

The amount of prejudgment interest to be awarded shall be referred to Magistrate Lynn V. Hooe, Jr. for a Report and Recommendation.

IT IS SO ORDERED.