387 S.E.2d 315

**Mary Beth PERILLI**

v.

**The BOARD OF EDUCATION MONONGALIA COUNTY.**

**No. 18913.**

Supreme Court of Appeals of West Virginia.

Nov. 29, 1989.

Michael John Aloi, Randy Kniha, Manchin, Aloi & Carrick, Fairmont, for Mary Beth Perilli.

Mike Magro, Jr., Monongalia County Bd. of Educ., Morgantown, for The Board of Educ. of Monongalia County.

NEELY, Justice:

Mary Beth Perilli has taught in the Monongalia County public schools since 1972. She holds bachelor's and master's degrees from West Virginia University and, through training in administration, a certificate that qualifies her to work as a school principal or superintendent. In 1985, Ms. Perilli applied for two open administrative positions in the county schools: assistant principal at Morgantown High School and assistant principal at University High School. She was not hired; the jobs went instead to two men with less seniority than Ms. Perilli and allegedly no greater teaching or administrative experience. Ms. Perilli asserts that an overwhelming majority of the principals and assistant principals in Monongalia County are men, even though most teachers are women.

On 24 June 1985, Ms. Perilli filed a complaint with the state's Human Rights Commission, charging the school board with sex discrimination. On 27 February 1986, the Commission issued its finding of no probable cause, but gave Ms. Perilli a Notice of Right to Sue, pursuant to *W.Va.Code*, 5–11–13(b) [1983]. Ms. Perilli brought the instant action in the Circuit Court of Monongalia County, charging the Board with sex discrimination and violation of her seniority rights. She sought money dam-

ages, back pay, and an injunction that she be hired for one of the administrative jobs.

Ms. Perilli requested a jury trial, which the trial court denied. Trial was had without a jury on 5 August 1987. The court found that Ms. Perilli had failed to make out a *prima facie* case of sex discrimination under the state Human Rights Act, *W. Va. Code*, 5–11–1 *et seq.* [1967], and held inapplicable the seniority provisions of *W. Va. Code*, 18A–4–8b [1983].

Ms. Perilli appeals here, charging error below in the denial of a jury trial, the finding that she had not made out a *prima facie* case of sex discrimination, and the trial court's refusal to apply the seniority statute to the facts of the case. We now reverse the trial court because Ms. Perilli has a right to present her case of discrimination to a jury.

### I. Right to Jury Trial

The right to a jury trial in civil cases is protected by *W. Va. Const.*, Art. 3, § 13, which provides:

> In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; and in such suit in a court of limited jurisdiction a jury shall consist of six persons. No fact tried by a jury shall be otherwise reexamined in any case than according to rule of court or law.

The great debate in interpreting this section, as in interpreting similar provisions of the federal constitution and the constitutions of other states, concerns the meaning of "suits at common law," as applied to today's complex system of courts, which have consolidated legal and equitable jurisdiction, while adding adjudication of new statutory rights of action and administrative appeals.

This case offers several wrinkles on the problem of characterization. First, the cause of action, sex discrimination, is a recent creation of the legislature and did not exist at common law. Second, sex discrimination cases are within the jurisdiction not only of traditional courts, but also of an administrative tribunal, the state Human Rights Commission. Third, Ms. Perilli seeks injunctive relief (historically "equitable") in addition to money damages (historically "legal").

This Court has used a modified historical test for determining common-law "legal" rights to jury trial. That is, the right is conceptually fixed ("preserved") as of the time the amendment was ratified (in this case, 1880). *Hickman v. Baltimore & Ohio R.R.*, 30 W.Va. 296, 4 S.E. 654 (1887), overruled on other grounds, *Richmond v. Henderson*, 48 W.Va. 389, 37 S.E. 653 (1900). The question, however, is not whether the cause of action existed in 1880, but whether the nature of the injury and the related relief would have merited a jury trial in 1880. In this regard, money damages for sex discrimination sounds in tort. That is, sex discrimination is an injury to the health, welfare, and dignity of the victim. Because her claim is a species of personal injury akin to tort, the plaintiff in a sex discrimination case has the right to try to a jury her factual claims that would entitle her to money damages for personal injury. Facts relevant only to equitable relief, of course, go to the trial court. Although the federal jury-trial right in civil cases does not apply to state courts, for persuasive authority from the U.S. Supreme Court, see generally *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); and *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

In *Bishop Coal Co. v. Salyers*, 181 W.Va. 71, 380 S.E.2d 238 (1989), the Human Rights Commission awarded the complainant $7500 in compensatory damages for mental anguish. This Court held that the award violated the defendant's right to a jury trial. Today, we simply note the converse of *Salyers:* If a civil-rights defendant has a right to a jury trial before being assessed substantial compensatory damages, so too does a plaintiff have a right to a jury trial on the same issue.

We recognized in *Price v. Boone County Ambulance Authority*, 175 W.Va. 676, 337 S.E.2d 913 (1985), that actions under the state Human Rights Act may be brought initially either before the Human Rights Commission (in an administrative hearing) or in the circuit courts (as a civil cause of action). *W.Va.Code*, 5–11–13 [1983]. The plaintiff's option may be influenced by the trade-offs involved. An administrative hearing may be more flexible, cheaper, and faster, but, as we pointed out in *Salyers, supra*, the Human Rights Commission has limited jurisdiction in awarding money damages. The circuit courts may make greater awards, but likely at greater legal expense and longer delay. In practice, it is likely that a plaintiff will choose the administrative route when his case is strong but his damages slight, and proceed in the courts, before a jury, when he has a riskier but potentially more valuable claim. Whatever litigants do in practice, we made clear in *Price* that plaintiffs may elect the procedure they prefer. *W.Va.Code*, 5–11–13 [1983].

■ The defendant in this case, the Monongalia County Board of Education, argues that the language of the statute that allows plaintiffs to file in the circuit courts, *W.Va.Code*, 5–11–13 [1983], should be interpreted to allow legal relief to be granted only by the trial court, sitting without a jury. The statute reads, in pertinent part:

> *[I]f the court finds* that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, *the court shall* enjoin the respondent from engaging in such unlawful discriminatory practice and *order* affirmative action which may include, but is not limited to, reinstatement or hiring of employees, granting of back pay or *any other legal or equitable relief as the court deems appropriate.*

*W.Va.Code*, 5–11–13(c) [1983]. This section may be read simply as directing the trial court to put the appropriate legal issues before the trier of fact. That is, the section states what relief the plaintiff may pursue, and guides the court in its jury instructions (if there is a jury) or in its own fact-finding (if neither party has requested a jury trial).

■ If we ignore this plausible reading in favor of one not allowing jury trial at all, we would run afoul of our state *Constitution* and the Human Rights Act's stated preference that the Act be interpreted, when it can, as consistent with the state *Constitution*. To guide interpretation, the Act provides, in pertinent part:

> The provisions of this article shall be liberally construed to accomplish its objectives and purposes. If any provision of this article be held invalid or unconstitutional by any court of competent jurisdiction, such invalidity or unconstitutionality shall not affect or invalidate the other provisions hereof, all of which are declared and shall be construed to be separate and severable.

*W.Va.Code*, 5–11–15 [1967]. It is the legislature's intent that the Act be construed when possible as consistent with the state and federal constitutions. As this Court announced in its early years, "Wherever an act of the Legislature can be so construed and applied as to avoid a conflict with the Constitution, and give it the force of law, such construction will be adopted by the courts." Syllabus Point 3, *Slack v. Jacob*, 8 W.Va. 612 (1875). Thus, we decline to construe the Act as the defendant argues, because to do so would deny the plaintiff's right to try issues of legal relief before a jury. *W.Va. Const.*, Art. 3, § 13.

## II. *Prima Facie* Case of Discrimination

The trial court held that Ms. Perilli had not made out a *prima facie* case of sex discrimination. The plaintiff's burden of proof in such cases has been set out in Syllabus Point 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986):

> In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, *W.Va. Code* § 5–11–1 *et seq.* (1979), the plaintiff must offer proof of the following:
>
> (1) That the plaintiff is a member of a protected class.

(2) That the employer made an adverse decision concerning the plaintiff.

(3) But for the plaintiff's protected status, the adverse decision would not have been made.

*Id.* It is not disputed that Ms. Perilli met parts 1 and 2 of this test.

Part 3, the heart of the claim, necessarily involves some conjecture or conclusions to be drawn from the facts. Of that element, Justice Brotherton wrote for the Court:

Because discrimination is essentially an element of the mind, there will probably be very little direct proof available. Direct proof, however, is not required. What is required of the plaintiff is to show some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion. This evidence could, for example, come in the form of an admission by the employer, a case of unequal or disparate treatment between members of the protected class and others, by the elimination of the apparent legitimate reasons for the decision, or statistics in a large operation which show that members of the protected class received substantially worse treatment than others.

*Conaway, supra,* 178 W.Va. at 170, 358 S.E.2d at 429–30. For a discussion of the elements of a "disparate impact" claim (as opposed to the "disparate treatment" claim in *Conaway*), see this Court's recent opinion in *Guyan Valley Hospital v. Human Rights Commission,* 181 W.Va. 251, 382 S.E.2d 88 (1989).

■ In this case, Ms. Perilli offered enough proof of discrimination to bring her claim before a jury. Although the provisions of *W.Va.Code,* 18A–4–8b [1983], do not by their terms require that the most senior teachers be hired as administrators,[1]

seniority—even without a statute—is often a consideration in employment decisions. Therefore, although Ms. Perilli has no right to promotion based on seniority, the fact that she was the most senior person applying would be one piece of relevant evidence, given the tie-breaking use of seniority in most large organizations. *See Dillon v. Board of Education of County of Wyoming,* 177 W.Va. 145, 351 S.E.2d 58 (1986). Also relevant is the statistical gender disparity Ms. Perilli claims exists between teachers and administrators in Monongalia County. *Guyan Valley Hospital, supra.* As we held in *Conaway, supra,* to avoid summary judgment, the plaintiff in a job discrimination action "must make some showing of fact which would support a prima facie case for his claim." Syllabus Point 2, *Conaway, supra.* Ms. Perilli did offer sufficient evidence from which the fact-finder might reasonably conclude that she had made out a *prima facie* case of discrimination.

We treat the trial court's finding that Ms. Perilli did not make out a *prima facie* case as a finding by the trier of fact, not as summary judgment. Because we remand the case for a jury trial, Ms. Perilli's charge of error in the trial court's factual finding is made moot for purposes of this appeal. On remand, these factual issues will go to the jury.

For the reasons set out in part I above, the judgment of the Circuit Court of Monongalia County is reversed and the case remanded for a jury trial on the merits.

Reversed and Remanded.

---

1. The seniority statute, *W.Va.Code,* 18A–4–8b [1983], provides that, in hiring of *classroom teachers,* the most senior applicants must be given special consideration. Moreover, when any professional employee (such as a classroom teacher or an administrator) is let go, he "shall be employed in any other professional position where he had been previously employed or to any lateral area for which he is certified," based on seniority. In this case, however, Ms. Perilli was not being squeezed out of her teaching position, nor is a move from teaching to administration a "lateral" move as contemplated by the statute.