600 S.E.2d 290

**Lois THOMPSON, Plaintiff Below, Appellant,**

v.

**TOWN OF ALDERSON; Harryette Williams; John C. McCurdy; Ann Eskins; George Lively; Mike Hanna; and Tod Hanger, individually and in their official capacities; and Charles M. Lobban, Jr., in his official capacity, Defendants Below, Appellees.**

**No. 31393.**

Supreme Court of Appeals of West Virginia.

Submitted: Feb. 24, 2004.

Filed: May 27, 2004.

**579**

Richard D. Klaber, Esq., Anne L. Wilcox, Esq., Dickie, McCamey & Chilcote, Pittsburgh, PA, for Appellee Town of Alderson.

STARCHER, J.

In this case we affirm a decision of a circuit court that denied a motion for reinstatement by an employee, in a case involving our state's Whistle–Blower Law.

## I.

### *Facts & Background*

In the instant case, the appellant, Lois Thompson ("Ms.Thompson"), was fired from her position as Accounts Receivable Clerk for the appellee Town of Alderson ("the Town") in 1999. The appellant filed suit against the Town, asserting a claim under the "Whistle–Blower Law," *W.Va.Code,* 6C–1–1, *et seq.*

The appellant claimed that her termination was caused or contributed to by her reporting of significant water losses in the Town's public water system. The appellant also asserted a breach of contract count against the Town and a count of slander against the Town's mayor, who made the decision to terminate the appellant.

The case was tried to a jury, which found for the appellant on the Whistle–Blower count. On that count, the jury awarded the appellant $16,000.00 for back pay, $0 for front pay, and $0 for emotional distress and mental anguish. The jury found against the appellant on the breach of contract count, but found for the appellant on the slander count—awarding her $0 for damages to the appellant's reputation and her past and future income, and $750.00 for her emotional distress and mental anguish.

The jury was instructed that if they found that the appellant had been wrongfully discharged, they should award her a sum that would make her whole in light of all the circumstances. The jury was specifically told that they could award "front pay [1] ...

William D. Turner, Esq., Crandall, Pyles, Haviland & Turner, Lewisburg, for Appellant.

**1.** " 'Front pay' is a shorthand term frequently used ... to refer to future lost pay and benefits." *Tadsen v. Praegitzer Industries, Inc.,* 324 Or. 465, 472 n. 5, 928 P.2d 980, 981 n. 5 (1996). The Oregon court concluded in *Tadsen* that front pay

damages, when appropriate, must be proved to a reasonable probability and are a form of compensatory damages, because they "restore[] the terminated employee to the economic position that the employee would have enjoyed, were it

for such period of time as you find appropriate"—if they found that the appellant would have continued her employment with the Town, had she not been wrongfully terminated.[2]

The trial lasted a week. At one point during their deliberations the jury told the judge that they were deadlocked; the judge encouraged them to continue. The jury also asked the judge if they could consider the issue of reinstatement. The judge sent the jury a note telling them that they did not have the option of considering reinstatement, but that reinstatement might be a remedy that the judge could consider—if the jury reached a verdict, and depending on the nature of that verdict.

The appellant presented expert testimony at trial that her total "back pay" wage loss at the time of trial was in the amount of $57,658.00. The appellant also put on expert evidence that her "front pay" or future lost earnings until age 67 were in the amount of $672,715.00.[3]

Following the jury's verdict, the appellant made a motion for a post-trial injunction requiring the Town to reinstate her to her former job. The circuit judge denied the motion, explaining his decision as the result of considering four factors: first, that the appellant was clearly an at-will employee; second, that the appellant was not awarded her full past wages and benefits by the jury; third, that appellant was not awarded any front pay by the jury; and fourth, that the appellant's discharge was not a violation of the appellant's constitutional rights. It is from this ruling by the circuit court that the appellant appeals.

## II.

### Standard of Review and Discussion [4]

■ The Whistle–Blower Law states at W.Va.Code, 6C–1–5 [1988]:

A court, in rendering a judgment for the complainant in an action brought under this article, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

■ In *Dobson v. Eastern Associated Coal Corp.*, 188 W.Va. 17, 24, 422 S.E.2d 494, 501 (1992), this Court recognized that "make-whole" relief could include an award by a jury of front pay in a wrongful discharge case, where reinstatement was not appropriate. Where a plaintiff is offered and accepts reinstatement to a comparable position, however, reinstatement and front pay are not an issue. *See, e.g., Haynes v. Rhone–Poulenc, Inc.*, 206 W.Va. 18, 25–26, 521 S.E.2d 331, 338–39 (1999). Similarly, in *Casteel v. Consolidation Coal Co.*, 181 W.Va. 501, 507, 383 S.E.2d 305, 311 (1989), we recognized that a jury may award front pay in a Human Rights Act case where the employer, by opposing reinstatement, "elected front pay rather than reinstatement."

In *Perilli v. Board of Education of Monongalia County*, 182 W.Va. 261, 387 S.E.2d 315 (1989), we recognized the proper role of

not for the employer's conduct." 324 Or. 465, 470, 928 P.2d 980, 983. *See also Che v. Massachusetts Bay Transportation Authority*, 342 F.3d 31, 42–44 (1st Cir.2003); · *Fite v. First Tennessee Production Credit Ass'n.*, 861 F.2d 884, 892–94 (6th Cir.1988); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346–48 (9th Cir.1987); *Maxfield v. Sinclair International*, 766 F.2d 788, 796 (3d Cir.1985). " 'Front pay,' as future lost wages, is not too speculative as a matter of law to be awarded as an element of damages." *Hummer v. Evans*, 129 Idaho 274, 280, 923 P.2d 981, 987 (1996). *See* Syllabus Point 10, *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974).

**2.** The circuit court upheld the appellant's objection to an instruction submitted by the Town telling the jury that it could consider the remedy of reinstatement. The instructions that were ultimately given to the jury are not complained of by either party.

**3.** We do not have a transcript of the trial before us, so we must rely on the statements of the parties in their briefs.

**4.** The standard of appellate review for the trial court's decision is one of the issues in the instant case.

the jury in calculating front pay as opposed to in deciding on reinstatement. We held that a person who was seeking *inter alia* an injunction requiring that she be hired for a job from which she claimed to have been illegally barred by sex discrimination was entitled to a jury trial on the discrimination issue and on her damages—but not on the injunction issue.[5]

As previously noted, the remedies set forth in the Whistle–Blower Law, *W.Va. Code,* 6C–1–5 [1988] are reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate. And, as our discussion has shown, the issue of ordering reinstatement for a prevailing plaintiff is an equitable decision that is committed to the sound discretion of the trial judge, and not the jury. *Perilli, supra.*[6]

Procedurally, addressing the issue of reinstatement in an employment law case is susceptible to several different approaches, depending on the circumstances. A plaintiff and defendant may stipulate prior to trial, or a court may rule preliminarily, that reinstatement is not a remedy that will be considered by the court, should the plaintiff prevail on the merits. Such a determination will most likely affect the fashion in which instructions are given and a verdict rendered. In the absence of such a determination, a jury may be instructed that in the event that the plaintiff prevails on the merits, there is a possibility of reinstatement by the trial court—and that any front pay award calculated by the jury may be mooted if there is a decision by the judge to order some form of reinstatement.[7] Other fact patterns may require other approaches.

A number of factors may go into a trial judge's exercise of discretion relating to the reinstatement issue in a given employment case; it would be difficult to create an exhaustive list. For example, in *Rosario–Torres v. Hernandez–Colon,* 889 F.2d 314, 322 (1st Cir.1989), the court stated:

**5.** For the role of the jury in awarding damages, see generally *Bishop Coal Co. v. Salyers,* 181 W.Va. 71, 79, 380 S.E.2d 238, 246 (1989); *see also Adams v. Nissan Motor Corp.,* 182 W.Va. 234, 241 n. 14, 387 S.E.2d 288, 295 n. 14; *Camden–Clark Memorial Hospital v. Turner,* 212 W.Va. 752, 761, 575 S.E.2d 362, 371 (2002). Where relief to be awarded is money damages, even though the underlying claim is historically one in equity, then the ordinary characterization of the monetary award is as a legal remedy, to which the right to trial by jury attaches. *Realmark Developments, Inc. v. Ranson,* 214 W.Va. 161, 588 S.E.2d 150 (2003).

This is consistent with the law in other jurisdictions. See *Tadsen v. Praegitzer Industries, Inc., supra,* 324 Or. at 472, 928 P.2d at 984; *Paolella v. BFI, Inc.,* 158 F.3d 183 (3d Cir.1998) (under Delaware public-policy wrongful discharge law, whistle-blower jury award of $597,000.00 in future lost earnings upheld; jury properly instructed); *Goodman v. Page,* 984 S.W.2d 299 (Tex.App.Fort Worth 1998); *City of Brenham v. Honerkamp,* 950 S.W.2d 760 (Tex.App.Austin 1997) (jury award for future lost earnings upheld); *Feldman v. Philadelphia Housing Authority,* 43 F.3d 823 (1994) (future lost earnings awarded to whistle-blower under 42 U.S.C.1983, court determines after hearing the evidence that reinstatement is not an option and submits issue of amount of future lost earnings to jury); *Levinson v. Prentice–Hall, Inc.,* 868 F.2d

558, 563 (1989) (award of front pay damages by jury under state anti-discrimination law proper; juries regularly resolve uncertainties inherent in front pay calculation); *Conway v. Electro Switch Corp.,* 402 Mass. 385, 523 N.E.2d 255, (1988) (jury award of front pay under state anti-discrimination statute; employee not required to specifically request reinstatement in order to receive front pay, although rejection of reasonable reinstatement offer terminates eligibility for front pay, and plaintiff always has a duty to mitigate future damages); *Ross v. Beaumont Hospital,* 678 F.Supp. 680 (E.D.Mich.1988) (jury award of five years' front pay to surgeon upheld under state handicap discrimination statute).

**6.** See also *Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276 (8th Cir.1983) (in calculating back pay, jury would decide whether pre-trial offer of reinstatement was to a reasonably equivalent job so as to cut off back pay under mitigation duty). Also, the trial court always retains the power to submit factual questions relating to the exercise of the judge's equitable discretion to the jury. *West Virginia Rules of Civil Procedure,* Rule 49(b).

**7.** Neither of these were done in the instant case. The jury in the instant case had no way to clearly know that if they awarded front pay, such an award might be mooted by reinstatement.

Whenever an ex-employee sues alleging wrongful dismissal by a government agency, job restoration may be a material aspect of meaningful relief. Yet in the real world, reinstatement in unlawful-discharge cases often will place some burden on the agency: there will likely be tension (or even hostility) between the parties when forcibly reunited; employees who have assumed duties previously performed by the fired worker will have to be displaced when he or she returns; and, as a result, the public's business may be conducted somewhat less efficaciously.

Obviously, the considerations with private employers may be somewhat different, but equally multifaceted.

Our task in the instant case is to review a discretionary decision by a circuit court—made on the basis of evidence that was adduced at a one-week trial, the record of which is not before us. Based on what is before us, we cannot conclude that the trial court erred in not awarding reinstatement to the appellant.[8]

We find it significant, as did the trial court, that the jury was instructed that they should "make the plaintiff whole" if they found a wrongful discharge—and, so instructed, they declined to award the appellant even one-half of her calculated back wages, or any "front pay." The jury may have concluded that the appellant had not mitigated her damages before trial; or they may have concluded that she would have been properly discharged at some time well before trial. In the absence of any evidence to the contrary, a plausible reading of the jury's verdict is that the appellant was not entitled to have kept her former job up until the time of trial, much less after trial. Under these circumstances, we believe

that the trial court was within his discretion to decline to enter an injunctive order requiring that the appellant be reinstated to her former job.[9]

## III.

### Conclusion

For the foregoing reasons, the decision of the Circuit Court of Monroe County is affirmed.

Affirmed.

---

8. We recognize that the cost of preparing a transcript of the entire trial in the instant case may be prohibitive for the appellant—for this one issue. Nevertheless, in the absence of a record supporting a claim that a discretionary decision below was improper under all of the facts and circumstances before the court, we must afford some presumption of evidentiary support in the record to the circuit court's decision.

9. We explicitly reject the proposition that the absence of a full back pay award or a front pay award *per se* barred the court from considering reinstatement. Rather, we conclude that these

were factors that the court could properly consider—along with the facts that the appellant was an at-will employee and that she was not discharged for unconstitutional reasons. (In addition, the briefs indicate that there was evidence about potential problems if the appellant came back to work.) The appellant's argument that the jury, after receiving the court's response to their inquiry about reinstatement, rejected front pay—because the jury relied on the trial judge to make the appellant whole by an award of reinstatement post-trial—is entirely speculative.