SANDRA CONWAY *vs*. ELECTRO SWITCH CORP.

Suffolk. January 6, 1988. — May 16, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Employment*, Discrimination. *Anti-Discrimination Law*, Damages. *Damages*, Under anti-discrimination law, Future damages, Mitigation, Interest. *Interest*.

General Laws c. 151B, § 9, permits the plaintiff in an employment discrimination action to recover damages for loss of future earnings and benefits which have been proved with reasonable certainty to be attributable to the employer's misconduct, subject to the employee's duty to mitigate. [387-390]

In an employment discrimination action, prejudgment interest may not be added to an award of damages under G. L. c. 151B, § 9, for lost future earnings and benefits. [390-391]

QUESTIONS OF LAW certified to the Supreme Judicial Court by the United States Court of Appeals for the First Circuit.

*Lee M. Berger* for the plaintiff.

*Richard J. Riley* for the defendant.

LYNCH, J. This case comes before the court on certification from the United States Court of Appeals for the First Circuit of two questions pertaining to the scope of remedies available to a prevailing plaintiff in an employment discrimination suit brought pursuant to G. L. c. 151B. See S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981).

The plaintiff, Sandra Conway, brought suit in the United States District Court for the District of Massachusetts against Electro Switch Corp., claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII) (1982), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1982 & Supp. II 1984) (ADEA), and violations of G. L. c. 151B and G. L. c. 12, § 11I. She sought both back pay and compensation for the loss of future earnings and benefits (front

pay). Conway was discharged by Electro Switch, after sixteen
years of employment. A jury found that Conway's sex, but
not her age, was a determinative factor in her termination and
awarded her $32,243 in back pay and $56,492 in front pay.
At the time of her termination by Electro Switch, Conway
earned $320.80 per week. On the date of the jury verdict,
March 21, 1986, she earned $285.60 per week at Sager Elec-
trical Supply Co., her employer since September 12, 1983.

Prior to trial, the District Court judge ruled that front pay
was not available under the Federal statutes.[1] On postverdict
motions, the District Court judge ruled that front pay is recov-
erable under G. L. c. 151B, but refused to award interest on
that part of the judgment representing lost earnings and benefits
for the period after judgment. Both Conway and Electro Switch
appealed portions of the District Court's judgment affirming
the jury verdict and damage award, see *Conway* v. *Electro
Switch Corp.*, 825 F.2d 593 (1st Cir. 1987), and the court
certified the following questions of law:

"1. Massachusetts General Laws Annotated ch. 151B, § 5
(West Supp. 1987) provides in relevant part that, upon a finding
that an employer has violated section 4, part 1, of Mass. Gen.
Laws ch. 151B, the Massachusetts Commission against Dis-
crimination may 'take such affirmative action, including but
not limited to, hiring, reinstatement or upgrading of employees,
with or without back pay, or restoration to membership in any
respondent labor organization, as, in the judgment of the com-
mission, will effectuate the purposes of this chapter . . . .'

"Does this provision authorize an award for lost future earn-
ings and benefits, also referred to as 'front pay,' and, if so,
subject to what conditions?

"2. If the answer to question one is 'Yes,' then answer the
following question: Is interest to be added to such an award
and, if so, at what rate and when does it commence to run?"

---

[1] Its order was issued before the Court of Appeals' decision in *Wildman*
v. *Lerner Stores Corp.*, 771 F.2d 605 (1st Cir. 1985), holding that future
damages are available under the ADEA. Conway did not appeal the District
Court's ruling.

1. As the Court of Appeals noted, the Massachusetts Commission Against Discrimination (MCAD) has broad discretion to fashion remedies best to effectuate the goals of G. L. c. 151B. *Conway* v. *Electro Switch Corp.*, 825 F.2d 593, 601 (1st Cir. 1987). *College-Town, Div. of Interco, Inc.* v. *MCAD*, 400 Mass. 156, 170 (1987). In all likelihood circumstances could be found to exist which would make appropriate the award of front pay by the MCAD to effectuate the goals of G. L. c. 151B.

On the record before us, however, we can go no further because no award of front pay under § 5 would be appropriate without the determination by the MCAD that such an award was necessary best to effectuate the goals of the statute. We would then examine the award in that context. We, therefore, express no opinion whether, or under what circumstances, MCAD may award front pay.

We think it appropriate, however, to enlarge our focus to include a discussion of G. L. c. 151B, § 9 (1986 ed.), which, in pertinent part, provides: "Any person claiming to be aggrieved by a practice made unlawful under this chapter . . . may, at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing, bring a civil action *for damages or injunctive relief or both* . . ." (emphasis added). This language, inserted by St. 1974, c. 478, as an amendment to a provision which formerly was silent on the remedies available in civil actions, reveals a plain legislative intent to afford victims of discrimination the legal remedy of compensatory damages. It is, therefore, not for this court to enter into the debate engaged in by the parties as to what remedial scheme would, under G. L. c. 151B, § 9, further the purposes of the statute. That judgment has already been made by the Legislature.

With the purposes of the statute in mind the question then becomes whether front pay may be awarded in a given case according to the principles applicable to a consideration of the permissible elements of damage awards in general, and prospective damages in particular. Our analysis must be guided, moreover, by the legislative directive that "[t]he provisions of

this chapter shall be construed liberally for the accomplishment of the purposes thereof," G. L. c. 151B, § 9. In the context of employment discrimination which is found to be in violation of G. L. c. 151B, compensatory damages are those damages which "make[ ] the aggrieved party whole," *Bournewood Hosp., Inc.* v. *MCAD*, 371 Mass. 303, 315 (1976), including those which are "the natural and probable consequences," *id.* at 316, of the illegal conduct.[2] We see nothing in the statute to suggest that an award of damages for loss of pay must be limited to the period preceding the date of judgment. Indeed the law of the Commonwealth has traditionally allowed, as an element of tort damages, compensation for the loss of capacity to generate prospective earnings. *Mitchell* v. *Walton Lunch Co.*, 305 Mass. 76 (1940).[3] Mere uncertainty in the award of damages is not a bar to their recovery, particularly "where the critical focus is on the wrongfulness of the defendant's conduct." *Datacomm Interface, Inc.* v. *Computerworld, Inc.*, 396 Mass. 760, 777 (1986), quoting *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.*, 14 Mass. App. Ct. 396, 426 (1982) (uncertainty not a bar to recovery in business torts). *Pullen* v. *Boston Elev. Ry.*, 208 Mass. 356, 357-358 (1911) (reasonably expectable future suffering and expenses compensable).

Of course, damages may not be determined by speculation or guess, *McKenna* v. *Begin*, 5 Mass. App. Ct. 304, 311 (1977), must be causally related to the defendant's wrongdoing, and the plaintiff should not be made more than whole, *Newton* v. *Rockwood & Co.*, 261 F. Supp. 485, 488 (D. Mass. 1966), aff'd 378 F.2d 315 (1st Cir. 1967). It is apparent that the greater

---

[2] It should be noted that the parties' arguments relating to Conway's status as an at-will employee are, under G. L. c. 151B, beside the point. As we noted in another context involving a contract terminable at will and a claim for prospective damages, "[t]he damages are assessed not for a breach of the contract, but for the direct and proximate results of the wrongful acts." *Tompkins* v. *Sullivan*, 313 Mass. 459, 462 (1943). See *Gram* v. *Liberty Mut. Ins. Co.*, 391 Mass. 333, 334-335 (1984) (*Gram* II).

[3] Such an award for future damages, however, must be reduced to present value. *Trinity Church* v. *John Hancock Mut. Life Ins. Co.*, 399 Mass. 43, 52 (1987).

the period of time upon which a front pay award is calculated in a case involving an at-will employee the less likely it is that the loss of future earnings can be demonstrated with any degree of certainty or can reasonably be attributed to the illegal conduct of the employer.[4] Moreover, as with claims for back pay, the employee has a duty to mitigate damages by seeking other employment. See *School Comm. of Newton* v. *Labor Relations Comm'n*, 388 Mass. 557, 580 (1983); *Ryan* v. *Superintendent of Schools of Quincy*, 374 Mass. 670, 673 (1978); *Black* v. *School Comm. of Malden*, 369 Mass. 657, 661-662 (1976).

Interrelated with the issue of the plaintiff's duty to mitigate is the issue of reinstatement. Relying principally on Federal cases arising under Title VII and the ADEA, Electro Switch argues that a claimant under G. L. c. 151B should not be entitled to front pay unless he or she requested[5] reinstatement and it is demonstrated[6] that reinstatement is inappropriate, impracticable, or impossible. See, e.g., *Wildman* v. *Lerner Stores Corp.*, 771 F.2d 605, 614-616 (1st Cir. 1985), and cases cited therein. *Monroe* v. *Penn-Dixie Cement Corp.*, 335 F. Supp. 231, 235 (N.D. Ga. 1971).

We need not attempt to reconcile the varying Federal precedents in this unsettled area of law. Since they depend in large degree upon remedial provisions and principles not applicable here, they furnish little guidance for the determination of damages under G. L. c. 151B, § 9. We have determined, however, that a plaintiff's rejection of an objectively reasonable offer of

---

[4] We note that we are not asked to pass upon the sufficiency of the evidence upon which front pay was awarded.

[5] It should be noted that the Federal precedents are far from clear as to what constitutes a request or the procedure required to preserve a front pay claim. Compare *Ginsberg* v. *Burlington Indus., Inc.*, 500 F. Supp. 696 (S.D.N.Y. 1980) (plaintiff's motion to amend complaint to request reinstatement made after plaintiff's verdict reflected bargaining tactic rather than sincere desire for reinstatement), with *Monroe* v. *Penn-Dixie Cement Corp.*, *supra* at 235 (employee's failure, on date of judgment, to request reinstatement is equivalent to voluntary resignation and would constitute waiver of any unliquidated future rights).

[6] We also note that the Federal cases do not resolve the question of which party bears the burden of proof on this issue.

reinstatement terminates an employee's eligibility for an award of damages based upon lost pay accruing after such a rejection. *Brady* v. *Nestor*, 398 Mass. 184, 189 (1986). Neither G. L. c. 151B, § 9, nor the plaintiff's duty to mitigate, however, requires the plaintiff to make a request for reinstatement as a prerequisite to a claim for front pay. Contrast *Riethmiller* v. *Blue Cross & Blue Shield*, 151 Mich. App. 188 (1986).

Therefore, § 9 authorizes an award of damages for loss of future earnings and benefits which have been proved with reasonable certainty as attributable to the employer's misconduct subject to the employee's duty to mitigate.

2. We begin our answer to the question dealing with interest with the fundamental proposition that interest is awarded to compensate a damaged party for the loss of use or the unlawful detention of money. This is the primary purpose of both G. L. c. 231, § 6B and § 6C, and the underlying common law rule. See *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 841 (1986) (considering G. L. c. 231, § 6C); *Mirageas* v. *Massachusetts Bay Transp. Auth.*, 391 Mass. 815, 821 (1984) (considering G. L. c. 231, § 6B). We, therefore, see no justification for adding interest to damages which, by definition, are for losses to be incurred in the future.[7]

Our recent decisions upholding MCAD awards of prejudgment interest on back pay awards accruing from the date of filing of the complaint are to be distinguished from the instant case. In *College-Town, Div. of Interco, Inc.* v. *MCAD*, 400 Mass. 156 (1987), we held that it was not error for the hearing commissioner to award interest, by reference to G. L. c. 231, § 6B, where "[t]he commission is given broad authority to remedy discrimination, and that authority extends to awarding interest to make victims whole for their damages." *Id.* at 170. Accord, *New York & Mass. Motor Serv., Inc.* v. *MCAD*, 401 Mass. 566, 583 (1988). Although the agency's award of interest

---

[7] In view of our answer, we need not consider how interest on damages awarded pursuant to G. L. c. 151B, § 9, is to be calculated. We note, however, that the award of interest may be used to make the aggrieved party whole. *Bournewood Hosp., Inc.* v. *MCAD*, 371 Mass. 303, 315 (1976).

was guided by G. L. c. 231, § 6B, it was not made pursuant to that legislation. See *Palter* v. *Merchants Ins. Group*, 7 M.D.L.R. 1599 (1985). Rather, as indicated by the citations supporting the above quoted language, the interest award was made and upheld as within the exercise of broad agency discretion to fashion appropriate remedies. No such administrative agency discretion is implicated in this case.[8]

Moreover, while in *College Town, Div. of Interco, Inc.* v. *MCAD*, *supra* at 170, on the issue of interest on a back pay award, we cited with approval the reasoning of the District Court in *Charles D. Bonanno Linen Serv., Inc.* v. *McCarthy*, 550 F. Supp. 231, 247 (D. Mass. 1982), aff'd 708 F.2d 1 (1st Cir.), cert. denied, 464 U.S. 936 (1983), we depart from any suggestion that may be contained therein that the rule applicable to interest or damages for loss of earning capacity applies generally to the interest on the award of future damages.[9] General Laws c. 231, § 6B, cannot reasonably be said to apply to an award of damages based upon lost earnings and benefits occurring after the date of judgment. We are aware of only one jurisdiction in which courts have held that interest may be added to front pay damages. See *Goins* v. *Ford Motor Co.* 131 Mich. App. 185 (1983). But see *Om-El Export Co.* v. *Newcor, Inc.*, 154 Mich. App. 471, 482 (1986). We note, however, that the *Goins* court relied upon the proposition that a purpose of interest in that jurisdiction was to compensate the plaintiff for the expense of litigation. *Id.* at 202. We, too, base our contrary opinion on the purpose of interest and conclude that, under G. L. c. 151B, § 9, prejudgment interest may not be added to an award of damages for lost future earnings and benefits.

---

[8] It should be noted that questions regarding the District Court's calculation of interest on Conway's back pay award have not been certified. We express no opinion on the proper method of calculation of interest on back pay awarded in a civil action.

[9] Contrary to the District Court's analysis of our decision in *Carey* v. *General Motors Corp.*, 377 Mass. 736 (1979), see *Charles D. Bonanno Linen Serv., Inc.* v. *McCarthy*, *supra* at 247 n.1, we view the loss of earning *capacity* as a present loss, although the determination of the extent of the loss necessarily takes into account future losses.