KATHERINE KUPPENS & others[1] vs. KIMBERLY J. DAVIES
& another.[2]

No. 94-P-1023.

Suffolk. December 16, 1994. - May 5, 1995.

Present: WARNER, C.J., ARMSTRONG, & LAURENCE, JJ.[3]

*Damages*, Loss of earning capacity, Future damages, Interest. *Interest.*
*Medical Malpractice*, Damages.

In a tort action, an award of damages for lost earning capacity was an
    award for an already incurred loss and as such was subject to addition
    of prejudgment interest under G. L. c. 231, § 6B. [499-501]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 1, 1990.

The case was tried before *J. Harold Flannery*, J.

*M. Catherine Huddleson* for the defendants.

*Philip J. Crowe, Jr.*, for plaintiffs.

ARMSTRONG, J. The jury in this medical malpractice ac-
tion returned verdicts for the plaintiffs totalling $1,305,000,
broken down, as required by G. L. c. 231, § 60F, into past
and future damages. These were $70,000 and $1,235,000, re-
spectively. Judgment was entered on August 16, 1993, in the
amount of $1,305,000, "with [prejudgment] interest thereon
from October 1, 1990," the date the complaint was filed. The
defendants filed a timely motion to alter and amend the
judgment by excluding from the interest computation that
portion of the judgment specified as compensation for dam-
ages in the future. The trial judge denied the motion, point-

_____

[1] Cynthia Kuppens and Michael Kuppens, the parents of Katherine,
individually and as next friends.

[2] Marcia K. Filip.

[3] Justice Fine also participated in the deliberation of this case prior to
her retirement.

ing out that G. L. c. 231, § 6B, did not differentiate between past and future damages, and instead directed the clerk to add "to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of the commencement of the action." From this ruling the defendants have appealed.[4]

The judge treated the case as controlled by *Carey* v. *General Motors Corp.*, 377 Mass. 736, 746 (1979), where the court, despite the jury's having broken the verdict down into past and future losses, held that § 6B "unequivocally required" the statutory interest to be calculated on the entire amount of the verdict. The defendants argue that the *Carey* decision has, in effect, been overruled by *Conway* v. *Electro Switch Corp.*, 402 Mass. 385, 390-391 (1988), where the court said (at 391) that § 6B "cannot reasonably be said to apply to an award of damages based upon lost earnings and benefits occurring after the date of judgment. We are aware of only one jurisdiction [Michigan] in which courts have held that interest may be added to front pay damages."[5]

We do not concur in the defendants' view that *Conway* overruled *Carey* v. *General Motors Corp.* sub silentio. To the contrary, the *Conway* decision refers to *Carey* and, as we read the passage (402 Mass. at 391 n.9), distinguishes it on the basis that the *Conway* case, which was an employment discrimination case, dealt with a loss of future wages, whereas *Carey* dealt with a loss of earning capacity. "[W]e

---

[4]The notice of appeal indicates that the defendants also appealed from the judgment and from an order denying a motion for new trial, but they have made no corresponding argument before us. We also note that the defendants have paid already the amount of the verdict, together with prejudgment interest on that portion of the verdict identified as compensation for damages already incurred.

[5]The defendants point also to *McEvoy Travel Bureau, Inc.* v. *Norton Co.*, 408 Mass. 704, 716-719 (1990), and *Makino, U.S.A., Inc.* v. *Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 320-321 (1988), as illustrative of their view that, after *Conway*, § 6B no longer requires prejudgment interest to be added to the entire amount of plaintiff's recovery in every case. *Conway* was not, however, the basis of decision in either *McEvoy Travel Bureau* or *Makino, U.S.A.*; rather, those decisions ruled that § 6B interest should be applied only to compensatory damages, not to punitive damages. The damages in the present action are all compensatory.

view the loss of earning capacity as a present loss, although the determination of the extent of the loss necessarily takes into account future losses." *Ibid.* The distinction is a fine one, but it is serviceable: that in tort cases for personal injuries or property damage, compensation for future lost wages will be treated conceptually as an already incurred loss of earning capacity; while, in discrimination cases under G. L. c. 151B, expected future income reductions will be treated conceptually as losses not yet incurred (i.e., "front pay damages"). The former are subject to *Carey*, and prejudgment interest under § 6B will be applied to the entire amount of the verdict. In c. 151B cases, compensation for losses of future income will not be subject to assessment of prejudgment interest.[6]

We recognize that G. L. c. 231, § 60F, by requiring a breakdown of damage awards in medical malpractice cases into components,[7] has eliminated the technical obstacle that a unitary verdict presents in applying interest only to medical expenses already incurred and wages already lost. That feature of the verdict in this case, however, does not differentiate it from *Carey*, where the recovery was similarly broken down into past and future components, nor from the terms of § 6B, which, in *Carey's* phrase (377 Mass. at 746), "unequivocally required" the computation of prejudgment interest on the entire award.

We recognize also that the jury were instructed to reduce future damages to present value, i.e., value at time of trial, rather than the appropriate instruction, suggested in *Griffin* v. *General Motors Corp.*, 380 Mass. 362, 367 (1980), to re-

---

[6]General Laws c. 231, § 6B (1992 ed.), by its terms, applies only to recoveries "for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property." The damages in the *Conway* case did not fall into those categories, but, under § 6H, where no other provision for prejudgment interest is made, interest is to be computed at the rate provided by § 6B. It is possible to read the *Conway* decision as stating a rule for § 6H cases different from the rule for § 6B cases.

[7]Medical expenses, lost wages, and pain and suffering are all to be separately broken down into damages incurred prior to verdict and those expected to be incurred after the verdict.

duce them to the "value at 'the date of commencement of the action.' " The defendants did not object, however, with the result that this case stands on the same footing as *Griffin* itself, where the court affirmed despite the disharmony between a discount to value at the time of trial and the addition of § 6B interest from the date of the commencement of the action.

The judge did not err in ruling that § 6B interest was to be computed on the entire award.[8]

*Judgment affirmed.*

*Order denying motions for new trial and to alter judgment affirmed.*

---

[8]In *Charles D. Bonanno Linen Serv., Inc.* v. *McCarthy*, 550 F. Supp. 231, 246-248 (D. Mass. 1982), affd., 708 F.2d 1 (1st Cir.), cert. denied, 464 U.S. 936 (1983), § 6B's application of interest uniformly to the entire award, from a fixed date, without differentiating dates of accrual for different components of the award, is viewed as a compromise justified by simplicity, shortchanging plaintiffs by not awarding interest for the period prior to the action's commencement, while favoring plaintiffs by allowing interest on losses expected to be incurred after that date.