Gants, J.
The plaintiffs have each obtained a substantial jury verdict on their claims of age discrimination in violation of G.L.c. 15 IB, §4. The jury awarded actual damages to each plaintiff for back pay, front pay, and emotional distress, and then found that the actual damages should be multiplied by 2.535 based on its finding that the defendant Ground Round, Inc. (“Ground Round”) knew or had reason to know that its conduct violated the law’s prohibition against age discrimination. I requested a memorandum of law from all parties regarding the appropriateness and, if so, the calculation of prejudgment interest on this judgment.
There is no dispute that pre-judgment interest should not be awarded for damages that represent front pay, since these damages were not yet suffered at the time of the verdict. Conway v. Electro Switch Co., 402 Mass. 385, 391 (1988). Nor is there any dispute that pre-judgment interest should not be awarded on the multiple of 2.535 in punitive damages. Fontaine v. Ebtec Corp., 415 Mass. 309, 326-27 (1993).
Four issues remain in dispute. First, the plaintiffs maintain that pre-judgment interest on compensatory damages for back pay and benefits and emotional distress should be awarded to the plaintiffs David Halligan and Robert Whitelaw from November 18, 1993, when they first filed their age discrimination complaint against Ground Round in the United States District Court for the District of Massachusetts, rather than November 30, 1995, when they filed this action in Norfolk County Superior Court. Although the case was properly filed in federal court and jurisdiction was appropriate there, Halligan and Whitelaw voluntarily dismissed their federal case in favor of re-filing in state court. I agree that the date of commencement of this action should be the date the action is commenced in any court, not necessarily in the Massachusetts Superior Court.
Under G.L.c. 231, §6H:
In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate provided by Section six B to be determined from the date of commencement of the action
The rate provided by §6B is “twelve per cent per annum from the date of commencement of the action.”
The issue is whether the term “commencement of the action” under §6H means the commencement of the action in a Massachusetts court or simply the commencement of the action in any court. Courts are commonly faced with decisions as to where a case should best be litigated, regardless of where it was first filed, such as motions to remand an action, or to transfer a case to a more convenient forum, or, as in this case, to accept the voluntary dismissal of a case in favor of it being filed in another court. These decisions are best made when they are focused solely on issues of jurisdiction, venue, and convenience, and are not burdened by the prospect that they will adversely affect the amount of a judgment that a party would be entitled to if it were to prevail. If the term “commencement of the action” under §6H means the commencement of the action only in a Massachusetts court, then a plaintiff will lose pre-judgment interest whenever it commences an action in one forum and that action is subsequently transferred to a Massachusetts state court. In contrast, if the term “commencement of the action” under §6H means the commencement of the action in any court, then the transfer or re-filing of a case will have no substantive consequence on the amount of the ultimate judgment, and decisions as to the most appropriate judicial forum will be unburdened by such a consequence. I believe that this latter course is both wiser and more consistent with the statutoiy purpose. Consequently, I conclude that, when a case, as here, is filed in a federal court and voluntarily dismissed for the purpose of re-filing essentially the same action in a Massachusetts court, then the action should be deemed to have commenced on the date it was filed in federal court.
I note that, while I can find no Massachusetts case directly on point, this conclusion is supported by controlling case law in an analogous context. Under G.L.c. 260, §32, if an action that is timely commenced is dismissed “for any matter of form,” the plaintiff may commence a new action for the same cause within one year after the dismissal of the original action. In Liberace v. Conway, an action initially brought in federal court was dismissed and the plaintiff sought to bring the same action in Massachusetts state court within one year of the dismissal but after the statute of limitations had otherwise expired. 31 Mass.App.Ct. 40 (1991). The Appeals Court found that §32 applied with equal force to a case dismissed from federal court and later filed in a Massachusetts state court as it did to a case originally brought in a Massachusetts state court. Id. at 42-43. The Appeals Court declared:
Federal courts, in considering whether to dismiss pendent claims based on State law, have generally been reluctant so to do if the consequence were that the pendent claim would be barred in the State court by operation of a statute of limitations . .. The basis of those decisions is that the discretion reposing in a Federal judge not to adjudicate the State claim should be exercised in the interest of justice and in a fashion that will not prejudice the parties ... It would surely be anomalous to adopt a construction of §32 which deprived pendent claims of the statute’s benefit and thereby pressed on the Federal courts retention of jurisdiction over those claims.
*197 Id. at 43 (citations omitted). Just as a federal court should not be pressed to retain a case for fear that the plaintiff will be time-barred from filing the same claim in state court, so, too, should that federal court not be pressed to retain it for fear that the plaintiff will lose a substantial amount in prejudgment interest.
Second, Ground Round contends that prejudgment interest should not be awarded on the full amount of back pay. It observes, correctly, that for all but one plaintiff, as a result of the consultant fees and severance paid to the plaintiffs by Ground Round in 1993 following their termination, damages for back pay did not begin to accrue until early 1994 and then these damages accrued in roughly equal amounts each year up through the jury’s verdict in September 1998. Ground Round argues that, if prejudgment interest on the entire amount of back pay is paid from November 18, 1993 (for plaintiffs Halligan and Whitelaw) and from December 29, 1994 (for plaintiffs McCarthy and Stasiowski), it would provide a windfall to the plaintiffs, because it would essentially deem all back pay to have been earned and eligible to earn interest from that date when, in fact, back pay here did not even begin to accrue until early 1994 and then only accrued in weekly intervals up through the date of the verdict.
As a matter of principle, Ground Round is correct: the Supreme Judicial Court has declared it to be a “fundamental proposition that interest is awarded to compensate a damaged party for the loss of use or the unlawful detention of money.” Conway v. Electro Switch Corp., 402 Mass. at 390. It is for this reason that §6H “cannot reasonably be said to apply to an award of damages based upon lost earnings and benefits occurring after the date of judgment.” Id. at 391. If the jury had been asked in its special verdict to identify precisely when back pay became due and how much was due for each year up through the date of the verdict, then, based on the “fundamental proposition” declared in Conway, interest would not have become due until an amount of back pay amount had accrued, even if it had accrued well after the date the action commenced. However, the juiy was not asked in the instant case to provide this degree of specification in its special verdict and, quite properly, it did not volunteer its findings.[1] Therefore, this Court does not and cannot know what the jury’s findings were in this regard.
Ground Round, citing no precedent, proposes that this Court make its own findings as to when back pay damages accrued and allot interest in accordance with those findings or estimates. I do not believe that a Court should assume this fact finding responsibility in a jury case. §6H provides that prejudgment interest "shall be added by the clerk of court.” From this provision, I infer that the Legislature intended that the calculation of interest be a ministerial function, not one requiring judicial fact finding. This leaves the Court with two choices when the jury’s verdict for back pay damages does not specify precisely when back pay became due and how much was due for each year up through the date of the verdict: either add prejudgment interest to the entire amount of back pay or add no interest at all to this damage award.
I believe that, in view of the language of §6B, the appropriate rule regarding the calculation of prejudgment interest for back pay damages is that, when the jury’s special verdict does not specify precisely when back pay became due and how much was due for each year up through the date of the verdict, then interest should be added to the entire back pay amount from the date of commencement of the action. I recognize that in some cases, including this one, this rule will provide a windfall to the plaintiffs. Yet, in other cases, where the bulk of back pay damages preceded the filing of the action, it will provide a windfall to the defendant who enjoys the interest from the unjustly retained back pay for the period prior to the commencement of the action. In short, §6B reflects the Legislature’s balancing of these competing interests in favor of a simple, administrable rule that avoids, complex, time consuming post-judgment disputes regarding the amount of interest due. See Charles D. Bonanno Linen Serv. v. McCarthy, 550 F.Supp. 231, 246-48 (D.Mass. 1982), aff'd in part, rev’d on other grounds, 708 F.2d 1 (1st Cir. 1983). If a defendant wishes to prevent a plaintiff from receiving excessive interest for lost back pay, he can accomplish this by requesting that the jury in its special verdict itemize for each year the amount of back pay that is due.
Third, Ground Round argues that interest should not be paid on emotional distress damages because the jury’s special verdict did not itemize the amount due for past emotional distress versus future emotional distress. No party requested that the special verdict distinguish between past and future emotional distress damages, so the analysis here is identical to that for back pay and the result is also the same — interest should be added to the entire amount of emotional distress damages.
Fourth, Ground Round contends that the rate of interest should be the interest rate based on auction prices of 52-week U.S. Treasury bills rather than the statutory interest rate of 12 percent. The plain language of §6H, read in conjunction with §6B, sets the interest rate on judgments at 12 percent simple interest. The fact that this rate may be above or below the actual rate of market interest is irrelevant in view of the clear statutory mandate. While I recognize that the First Circuit in Boston Children's Heart Foundation v. Nadal-Ginard, 73 F.3d 429, 442 (1st Cir. 1996), has affirmed the use of a market interest rate for prejudgment damages rather than the statutory 12 percent mandated under §6H, I do not believe that this accurately reflects either Massachusetts law or practice.
The judgment to be issued by the Clerk of Court shall reflect the rulings in this Order.

Neither party’s proposed special verdict form contained this degree of itemization. Indeed, Ground Round did not ask the jury to identify the amount awarded in back pay or front pay, requesting only a general damage verdict. The plaintiffs asked for this breakdown in its special verdict form, then changed their mind and asked for a general damage verdict. It was the Court’s decision to require the jury to identify the amounts awarded for front pay, back pay, and emotional distress, but the Court did not insist on greater itemization than this. I note that greater itemization is rarely sought or obtained from a jury except in medical malpractice cases, where G.L.c. 231, §60F requires the jury, when it awards future damages, to set forth “the period of weeks, months or years over which such amounts are intended to provide compensation.” No such itemization is required for damages found to have been incurred prior to the verdict. Id. Consequently, even when prior lost earnings is an element of damages in medical malpractice cases, the jury routinely does not provide the itemization that would assist the Court in most accurately calculating the interest due on that award.