McDonald, J.
The plaintiff, Donald A. Belanger (“Belanger”), filed this action against the defendant, Saint Gobain Industrial Ceramics, Inc. aka Norton Company ("Norton”), to recover damages for sexual harassment which occurred while Belanger was a Norton employee. A juiy trial was held from May 12 through May 21 of 1998. The jury returned a verdict on May 21, 1998 in Belanger’s favor, and awarded damages in the aggregate amount of $634,000.00.[1]
Norton has filed this motion to alter or amend the judgment, pursuant to Mass.R.Civ.P. 60(a), to correct what it terms a technical error in the judgment as recorded by the clerk of the Court. Norton contends that the clerk erred in calculating the prejudgment interest owed on the jury’s damage award; specifically, it argues that the clerk should not have assessed interest on the jury’s award of front pay and punitive damages.
Interest on damages awarded for violations of G.L.c. 15 IB is governed by G.L.c. 231, §6B. See Conway v. Electro Switch Corp., 402 Mass. 385, 390 (1988). That statute states that
In any action in which a verdict is rendered or a finding made or any order for judgment made for *586 pecuniary damages for personal injuries to the plaintiff or for consequential damages . . . there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve percent per annum from the date of commencement of the action . . .
G.L.c. 231, §6B. It is a “fundamental proposition that interest is awarded to compensate a damaged party for the loss of use or the unlawful detention of money.” Conway at 390. “Prejudgment interest on compensatory damages is designed to make the plaintiff whole for the loss of money during the time it was owed but not paid.” Fontaine v. Ebtec Corp., 415 Mass. 309, 327 (1993).
The law in Massachusetts is that “prejudgment interest may not be added to an award of damages for lost future earnings and benefits" which is awarded under G.L.c. 151B. Conway at 391 (distinguishing between 15 IB award of front pay damages and tort damages for loss of future income). “G.L.c. 231, §6B, cannot reasonably be said to apply to an award of damages based upon lost earnings and benefits occurring after the date of judgment.” Id. See also, Mendoza v. Union Street Bus Co., Inc., 876 F.Sup. 8, 12 (D.Mass. 1995) (prejudgment interest should not be awarded on front pay portion of 15IB judgment). It is therefore evident that the clerk erred in assessing prejudgment interest on the portion of the damage award ($372,000.00) which represents front pay.
Although no Massachusetts case specifically addresses the issue of whether punitive damages awarded pursuant to G.L.c. 151B, §9 are subject to the prejudgment interest statute, the case law concerning other punitive damage awards is instructive. It is a general proposition that prejudgment interest is not available for an award of punitive damages, as such an award is not compensatory in nature. See Makino, U.S.A. v. Metlife Capital Credit Corp., 25 Mass.App.Ct. 302, 321, rev. den. 402 Mass. 1101 (1988) (“[n]o ... purpose would be served by imposing interest on punitive damages which . . . have a purpose beyond restoring to a plaintiff what should have been his”). The statutory authority for allowing interest to be assessed in this case provides for prejudgment interest only on “pecuniary damages for personal injuries to the plaintiff or for consequential damages.” G.L.c. 231, §6B. “To the extent that [punitive damages] are noncompensatory in nature, the prejudgment interest statute does not apply.” McEvoy Travel Bureau, Inc. v. Norton Company, 408 Mass. 704, 717 at n.9 (1990). Punitive damages are not intended to compensate a plaintiff for personal injuries or consequential damages arising from that injury; the purpose of a punitive damage award is to punish a defendant for his wrongdoing and act as a deterrent to prevent future wrongdoing. See generally, Valcourt v. Hyland, 503 F.Sup. 630 (D.Mass 1980). Based bn this authority, prejudgment interest should not have been added to the award of punitive damages.
Rule 60(a) of the Massachusetts Rules of Civil Procedure allow a Court to correct clerical errors in orders where the error arises from oversight or omission. D'Annolfo v. Stoneham Housing Authority, 375 Mass. 650, 659 (1978). A clerk’s computation of interest on an award is a “clerical” function and can be addressed by a motion filed pursuant to Rule 60(a). See Chapman v. University of Massachusetts Medical Center, 423 Mass. 584, 589-90 (1996). For these reasons, this court orders that the judgment be amended as set forth herein.
ORDER
It is therefore ORDERED that the Defendant’s Motion For Relief From Judgment is ALLOWED. The Clerk shall amend the judgment entered in this case to exclude prejudgment interest on the front pay award and on the punitive damage award.

fylie jury awarded back pay in the amount of $102,000.00, front pay in the amount of $372,000.00, emotional distress damages in the amount of $52,000.00, and punitive damages in the amount of $108,000.00.