LoConto, PJ.
Aggrieved by the trial judge’s allowance of the plaintiffs motion to compel payment of a settlement agreement and the imposition of interest and costs, the defendant commenced this appeal in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8C. The facts and issues necessary to an understanding of the case, taken from the appellant’s brief and appendix, are as follows.[1] This is a negligence action brought by the plaintiff, as father and next friend of Andrew Ellis, to recover for serious injuries that were sustained in a motor vehicle accident on May 13, 2000. Andrew’s brother, Nicholas Ellis, is the defendant The defendants counsel prepared the pleadings, along with a Petition to Approve Settlement Involving a Minor and an Agreement for Judgment, and filed same with the entry fee in the Westborough Division on November 27, 2000. The court allowed the petition on December 11, 2000. The agreement provided for a judgment in the amount of Thirty Five Thousand ($35,000.00) Dollars without interest and costs. Neither the petition for minor settlement nor the agreement for judgment provided a deadline within which payment was to be made. On January 11,2001, the plaintiff filed a motion entitled, Emergency Motion to Compel Payment of Settlement, Interest and Attorney’s Fees with notice to defendants counsel that a hearing on said motion will be requested for the next morning at the Westborough District Court Notice of said hearing was sent to defense counsel via facsimile. The plaintiffs motion, unaccompanied by an affidavit recites conversations with the office of defense counsel and a representative of the insurer. It requests delivery of the settlement check by 4:00 P.M. January 12, 2001, attorney’s fees in the amount of $575.00 and interest of $350.00, representing the deprivation of the use of the funds. The defendant filed an unsupported opposition to the plaintiffs motion. Defense counsel informed the trial judge during the hearing on January 12,2002 that a check had been sent by certified mail on January 10,2002. The trial judge suspended the hearing until 1:00 EM., at which time he was informed that the plaintiff did receive the settlement check that morning. Thereafter, the trial judge took the motion under advisement In an order dated January 12,2002, the trial judge allowed the plaintiffs motion and ordered that the defendant pay $350.00 in interest and $350.00 in attorney’s fees. The trial judge made no findings of feet or rulings of law.
*128 It is accepted that “every judge must exercise his inherent powers as necessary to secure the full and effective administration of justice.” O’Coin v. Treasurer of the County of Worcester, 362 Mass. 507, 514 (1972). These inherent powers include the authority “to make the court’s lawful orders effective” and to impose reasonable court costs on an attorney who “unnecessarily increases clients’ litigation expenses, and squanders limited judicial resources.” Beit v. Probate and Family Court Department, 385 Mass. 854, 859 (1982). As for attorney’s fees, they are usually awarded where the court has authority pursuant to common law, statute, rule of court or contractual agreement Clearly this Commonwealth follows the so-called American Rule which requires, with exceptions not present, that a litigant bears his own expenses. Waldman v. American Honda Motor Co. Inc., 413 Mass. 320 (1992). And interest, which is to be awarded to compensate a damaged party for the loss of use or the unlawful detention of money, Conway v. Electro Switch Corp., 402 Mass. 385 (1988), derives from Massachusetts Rules of Civil Procedure, Rule 54(f), and is computed with respect to prejudgment interest by the clerk in accordance with statute. Attorney’s fees and interest otherwise ordered would be extraordinary relief that “should be reserved for rare and egregious cases.” Police Commissioner of Boston v. Gows, 429 Mass. 14, 19 (1999).
Other than the exchange between counsel at argument before the trial judge and statements in the body of the motions for and against the sanction imposed, the essential fact is not in dispute that the settlement check was delivered approximately thirty days after the agreement for judgment was filed. Absent is any allegation that the parties agreed or that a reliance was made that the check would be delivered at a specific time. The action or inaction of the insurer or counsel does not rise to the level of activity that “delays adjudication or squanders limited judicial resources.” Beit, supra at 859-860. The plaintiff failed to prove that the defendant willfully delayed the issuance of the check or exhibited bad faith in the procurement of the check that would give rise to the judge’s inherent authority to exercise the sanction imposed. It is undisputed in this case that the agreed upon judgment did not provide for the payment of costs or interest and the plaintiff does not suggest that he is entitled to attorney’s fees pursuant to contractual agreement Inferentially, his motion for the relief requested relies upon the inherent authority of the court to impose attorney’s fees and interest for the suggested delay in sending the settlement check.
We find no compelling reason to justify the award of attorney’s fees and interest in this case. Thirty days for the issuance of the settlement check is not unreasonable and there has been no showing that the defendant or counsel wilfully delayed the release of the check. There is no allegation that the defendant or counsel disregarded an order of the court or that they acted in bad faith. Therefore, we vacate the trial judge’s allowance of the Plaintiff’s motion and order the clerk to enter an order denying the motion.

 The plaintiff, appellee, did not file a brief or appear at oral argument “If an appellee fails to file a brief, he or she will not be heard at oral argument except by permission of the Appellate Division.” Dist/Mun. Cts. RAD.A, Rule 19(c).