Wilson, Paul D., J.
Under the Wage Act, a jury has awarded Plaintiff single damages of $231,250 for the period before July 12, 2008, and single damages of $167,642 for the period July 12, 2008 and thereafter, for a total single damages award of $398,892. By operation of the amendment to M.G.L.c. 149, §150 effective July 12, 2008 (the “2008 Amendment”), the single damages for the latter period were automatically trebled. After a second, non-jury phase of the trial, I trebled the damages for the period prior to July 12, 2008 as well. Because the subject of prejudgment interest is complicated by the existence of treble damages and by the 2008 Amendment, Defendants have rightfully raised by motion the issue of the amount of prejudgment interest to be included in the judgment.
Analysis
1. Damages Incurred Prior to Effective Date of the 2008 Amendment
Before the 2008 Amendment, treble damages, if awarded under the Wage Act, were “punitive in nature.” Wiedman v. The Bradford Group, 444 Mass. 698, 710 (2005), quoting Goodrow v. Lane Bryant, Inc., 432 Mass. 165, 178 (2000). Because such treble damages were punitive in nature, prejudgment interest was awarded only the amount of the single damages. See, e.g., DeSantis v. Com. Energy Sys., 68 Mass.App.Ct. 759, 760, 771-72 (2007) (in a Wage Act case predating the 2008 Amendment, affirming award of treble damages and award of prejudgment interest on the single damages only). For this reason, as to the damages awarded here for the period prior to July 12, 2008, prejudgment interest will be assessed only on the amount of the single damages awarded by the jury.
2. Damages Incurred after Effective Date of 2008 Amendment
The 2008 Amendment modified M.G.L.c. 149, §150 to make treble damages automatic for any Wage Act violation. Specifically, the statute now says, “An em *463 ployee so aggrieved who prevails in such action shall be awarded treble damages as liquidated damages, for any lost wages and other benefits . . .”
An early Superior Court decision on the effect of the 2008 Amendment concluded that the legislature’s insertion of the words “liquidated damages” changed the statute in two ways. First, the 2008 Amendment converted once-optional punitive treble damages into now-mandatoiy treble compensatory damages. Second, because those “liquidated” (treble) damages compensate a plaintiff for all of his consequential damages, a Wage Act plaintiff is no longer entitled to prejudgment interest on any damages accrued after the 2008 Amendment. Feygina v. Hallmark Health System, Inc., 31 Mass. L. Rptr. 279, *7-8 (2013) (Salinger, J.). Citing this decision (which, of course, is not binding precedent), Defendants assert that Plaintiff should take no prejudgment interest with regard to the damages awarded by the jury for the period July 12, 2008 and thereafter.
But the prejudgment interest statute, M.G.L.c. 231, §6B, provides that interest “shall” be awarded on any verdict for “pecuniary damages or consequential damages.” As the First Circuit Court of Appeals recently pointed out, if Defendants’ argument is correct, then the 2008 Amendment impliedly repealed the prejudgment interest statute as it applies to awards under the Wage Act. Travers v. Flight Servs. & Sys., Inc., 808 F.3d 525, 548-49 (2015). Rather than deciding whether the legislature intended that result, the First Circuit certified the question to the Supreme Judicial Court. Id. at 551. However, before the Supreme Judicial Court could respond, the Travers parties settled their differences, and so the question of whether the legislature intended the 2008 Amendment to partially repeal the prejudgment interest statute remains unresolved.
On its face, the 2008 Amendment makes no mention of prejudgment interest. As result, if the legislature repealed the prejudgment interest statute with regard to Wage Act claims, it did so only impliedly. The Travers court was reluctant to find such an implied repeal without guidance from the Supreme Judicial Court because, as it pointed out, “The bar to finding implied repeal of a pre-existing statute ... is high.” Id. at 550. Like the First Circuit, I am loathe to find an implied repeal without the guidance of the Supreme Judicial Court on the question. I conclude, therefore, that the legislature did not impliedly repeal the prejudgment interest statute as to Wage Act claims by enacting the 2008 Amendment.
However, it does not follow that Plaintiff is correct in claiming entitlement to prejudgment interest on the automatically-trebled amount of the damages incurred after the effective date of the 2008 Amendment. The purposes of prejudgment interest suggests that it is appropriate to award prejudgment interest only on the single damages amount, even after the effective date of the 2008 Amendment.
The primary purpose of prejudgment interest is to compensate a plaintiff for the loss of the use of the funds during litigation to which he was entitled before he filed his lawsuit. Conway v. Electro Switch Corp., 402 Mass. 385, 390 (1988). That purpose is served by an award of prejudgment interest on the amount of single damages. A plaintiff recovering prejudgment interest on treble damages would be collecting a windfall, which is why the Massachusetts appellate courts generally do not award prejudgment interest on damages that have been trebled. See, e.g., McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 717 (1990) (awarding prejudgment interest only on single damages portion of treble damages award under Chapter 93A, because “[t]o give the damaged party more than that would go beyond the purpose of the [prejudgment interest] statute,” whose purpose is not “to make the damaged party more than whole”).
Another purpose of prejudgment interest is to take away any benefit from a defendant who, rather than paying a debt, forces a creditor to sue him in order to collect. By making treble damages mandatory, the 2008 Amendment already more than deters such behavior by those responsible for paying wages. No further deterrence would result from also awarding prejudgment interest on the trebled amount, rather than the single amount, of Wage Act damages.
To reconcile the 2008 Amendment to the Wage Act and the prejudgment interest statute, while best serving the purpose of both statutes, I award prejudgment interest on the amount of single damages awarded by the jury for the period July 12, 2008 and thereafter.
3. Constitutional Attack on 12 Percent Interest Rate
Finally, Defendants argue that the 12 percent prejudgment interest rate established by the legislature in M.G.L.c. 231, §6B is unconstitutional. That interest rate, Defendants argue, is so dramatically different from market interest rates that the legislature’s decision to impose it in 1982, and not to decrease it thereafter, violates due process.
Defendants rely primarily on Sec. of Admin. & Fin. v. Labor Relations Comm'n, 434 Mass. 340, 346 (2001). In that case, the Supreme Judicial Court did indeed recognize that 12 percent was far above the then-current market interest rates. That is still true today. However, the court did not invalidate the 12 percent rate as unconstitutional; instead it merely held that the trial court had employed the wrong prejudgment interest statute. Rather than applying M.G.L.c. 231, §6B to an award against a state agency, the court should have assessed prejudgment interest under M.G.L.c. 231, §61, which applies to “interest to be paid by the Commonwealth.” In fact, the court undercut Defendants’ argument here, stating in dicta that “the Legislature’s decision to maintain the 12 per cent rate in certain contexts (e.g., tort judgments against private *464 parties) despite fluctuating conditions is undoubtedly its prerogative.” 434 Mass, at 347.
In today’s case, I find no basis in Massachusetts law to apply a prejudgment interest rate tied to U.S. Treasury yields, as suggested by Defendants. Therefore prejudgment interest will be computed at the 12 percent rate provided in M.G.L.c. 231, §6B.
Conclusion and Order
Defendants’ Motion for an Order Relative to the Application of Interest to Any Judgment is ALLOWED, to the extent that I ORDER that prejudgment interest be assessed under M.G.L.c. 231, §6B, at an annual rate of 12 percent, on $398,892, the total amount of single damages awarded by the jury.